19264. BEST *et al. v.* TRUITT.

HAWKINS, Justice. On March 9, 1955, article XXII of the 1954 Zoning Ordinance of the City of Atlanta was amended as follows: "4. Owners of property or persons holding options to purchase property prior to December 22, 1954, may develop such property under the requirements of the regulations in effect prior to December 22, 1954, as such regulations relate to use, height of buildings, side yards, width, size of lots, and minimum house size, but the front yard, setback, and offstreet parking requirements for the district in which such property is located shall comply with the provisions of this ordinance, provided, however, that the provisions of this paragraph shall apply only where construction or use of such property, in compliance with a permit lawfully issued, shall have begun within six (6) months from the effective date of this amendment." The expiration date of the six months' period specified in this amendment was September 9, 1955. The undisputed record in this case discloses that, on September 7, 1955, S. A. Best, plaintiff in error, applied for a building permit for the construction of a house upon premises alleged to belong to him, which was in violation of the zoning regulations contained in this amended ordinance unless coming within the six months' exception therein provided for; that the building permit was issued to him on

September 9, 1955. While the applicant testified that two land surveys were run on the property, one in November, 1954, and the other in April, 1955, and that he applied for a loan in August, 1955, all this took place prior to the issuance to him of the building permit on September 9, 1955, and he did not actually start digging trenches for his foundation until September 12, 1955. The appellant, Wylie J. Truitt, who objected to the construction of the building, appealed the decision of the building inspector in issuing the permit to the Atlanta-Fulton County Joint Board of Adjustment, and likewise appealed an adverse decision by that board to the superior court pursuant to the provisions of the act of 1946 (Ga. L. 1946, p. 198; Code, Ann. Supp., § 69-827). The exception here is by the applicant Best to the judgment of the superior court, as follows: "The within and foregoing appeal coming on for hearing, and due consideration having been had thereof, a jury trial being waived, it is ordered and adjudged (1) The decision of said Municipal Board of Adjustment of the City of Atlanta dated October 21, 1955, which had denied the appeal to said Municipal Board of Adjustment by Wylie J. Truitt was not correct as a matter of law, and is hereby set aside; (2) The within and foregoing appeal of Wylie J. Truitt to this court be and the same hereby is sustained; [and] (3) The oral motion to dissolve the restraining order granted by this court on November 3, 1955, which had been directed to S. A. Best, be and the same hereby is overruled and said S. A. Best is hereby permanently enjoined from continuing the erection of a duplex apartment building on his Poland Street property." *Held:*
Since it appears from the undisputed record that the applicant for the building permit did not comply with the provisions of the ordinance of the City of Atlanta requiring that "construction or use of such property, *in compliance with a permit lawfully issued,* shall have begun within six (6) months from the effective date of this amendment," in that the permit itself was issued on the last day of such six months' period and no actual construction was begun thereunder until September 12, 1955, the trial judge did not err in setting aside the decision of the Board of Adjustment, in sustaining the appeal, and in permanently enjoining the applicant from the erection of a building upon the premises involved, in violation of the city ordinance, the validity of which ordinance is not questioned. See, in this connection, *Snow* v. *Johnston,* 197 *Ga.* 146, 161 (8) (28 S. E. 2d 270).

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*

SUBMITTED FEBRUARY 14, 1956—DECIDED MARCH 12, 1956.

*McFarland & Cooper, J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Henry L. Bowden, Newell Edenfield, Robert S. Wiggins,* for plaintiff in error.

*Parker & Parker, James A. Stanfield,* contra.